Jeffrey S. Kravitz, SBN 66481
Neal J. Gauger, SBN 293161
**FOX ROTHSCHILD LLP**
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone: 310.598.4150
Facsimile: 310.556.9828
jskravitz@foxrothschild.com
ngauger@foxrothschild.com

Attorneys for Plaintiff
PRODIGY DISTRIBUTION, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRODIGY DISTRIBUTION, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SEVEN ARTS ENTERTAINMENT, INC., a Nevada corporation, and SCHISM LLC, a Louisiana limited liability company, PETER HOFFMAN, an individual, and DOES 1-10,<br><br>　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**[JURY DEMAND]** |

**COMPLAINT**

Plaintiff Prodigy Distribution, Inc. ("Prodigy" or "Plaintiff") hereby files this Complaint and alleges as follows:

## INTRODUCTION

1. Plaintiff Prodigy is the owner of certain rights – including worldwide copyrights and associated distribution rights – in a 2013 film entitled *Schism* a.k.a. *Fractured* ("the Picture").

2. Defendant Peter Hoffman ("Mr. Hoffman") is a television and movie producer who does business through a plethora of related and/or captive entities, including Defendant Seven Arts Entertainment, Inc. ("Seven Arts") and Schism LLC ("Schism").

3. Mr. Hoffman is now attempting to interfere with Plaintiff's rights by claiming that Schism is the owner of the Picture and Seven Arts is the owner of the associated worldwide distribution rights in and to the Picture.

4. Plaintiff is informed and believes, and thereon alleges that Mr. Hoffman, Seven Arts, and Schism have entered into licensing agreements with third parties in connection with the Picture, and that Mr. Hoffman, Seven Arts, and Schism continue to attempt to exploit the Picture despite having no rights or ownership interest in it.

5. Spurred on by these ongoing attempts to siphon away the value of Plaintiff's intellectual property, and desperate to protect the value of the Picture in the eyes of potential distributors, Plaintiff now respectfully files this civil action for declaratory relief in order to assert and protect its rights.

## PARTIES

6. Plaintiff Prodigy Distribution, Inc., a Delaware corporation, is in the business of developing, financing, producing, and distributing theatrical and television productions.

7. On information and belief, Defendant Seven Arts Entertainment, Inc. is a Nevada corporation in the business of producing, distributing, and investing in

1  theatrical productions.

2      8.    On information and belief, Defendant Schism LLC is a Louisiana limited liability company created solely for the purpose of producing the Picture. On information and belief, Schism is an arm's length captive party of Seven Arts and Defendant Peter Hoffman.

    9.    On information and belief, Defendant Peter Hoffman is an individual residing in the State of California, County of Los Angeles.

    10.    Plaintiff does not know the true names or capacities of the persons or entities sued herein as Does 1 to 10, inclusive, and therefore sues such defendants by fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the Doe defendants is in some manner legally responsible for the damages suffered by Plaintiff.  Plaintiff will amend this complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate factual allegations as may be necessary.

    11.    Plaintiff is informed and believes, and on that basis alleges that at all times herein mentioned each of the Defendants was the agent, employee, representative and/or venture of each of the remaining Defendants and, in doing the things hereinafter alleged, was acting within the course and scope of each agency, employment, representation, and/or venture.

    12.    Plaintiff is informed and believes, and on that basis alleges that Seven Arts, Schism and Mr. Hoffman are alter egos of each other.  There is such a unity of interest and ownership between Seven Arts, Schism and Mr. Hoffman that the separate personalities of Seven Arts, Schism and Mr. Hoffman do not exist in reality.  An inequitable result in this action would occur if the acts and conduct pled herein were treated as those of Seven Arts, Schism or Mr. Hoffman alone.

## JURISDICTION AND VENUE

    13.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, as this case arises under the Copyright Act, 17 U.S.C. §§

1. 101, *et. seq.* This Court also has jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy is greater than $75,000. Finally, this Court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201-02.

14. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

**The Formation And Terms Of The Picture Loan Agreements**

15. For and as an inducement to Plaintiff lending funds (the "Loans") to Schism for use in completing the Picture, Schism executed, *inter alia*, a number of documents, including an assignment of copyright ("Copyright Assignment") in favor of Plaintiff, dated as of June 19, 2013, and a power of sale ("Power of Sale") in favor of Plaintiff, dated as of June 14, 2013 (all loan documents collectively referred to as the "Loan Agreements").

16. As part of the Loan Agreements, Schism agreed that the Loans would be repaid "without notice, request, and/or demand on [sic] at any time prior to October 31, 2013."

17. Schism also agreed in the Loan Agreements that "in the event that the full amount of the [Loans] [are] not repaid by [October 31, 2013]," Plaintiff would "be entitled to keep and exploit all rights in and to the Picture as contemplated under the Power of Sale . . ."

18. For and as a further inducement to Plaintiff lending completion funds to Schism, Seven Arts and Mr. Hoffman personally guaranteed repayment in full of the Loans (and other amounts in connection therewith) by way of guarantee agreement (the "Guarantee"), dated as of June 18, 2013, as amended by written agreement dated as of September 11, 2013, and as further confirmed by way of written confirmation (the "Confirmation"), dated as of September 23, 2013.

19. Specifically, pursuant to the Confirmation, Schism, Seven Arts, and Mr. Hoffman confirmed as follows:

- 3 -
**COMPLAINT**

"For greater certainty, and notwithstanding anything to the contrary in the LSA or any document or agreement entered into in connection therewith, in the event that the full amount of the Indebtedness is not repaid by [Schism] and/or the Guarantors on or before the Repayment Date: (i) [Plaintiff] shall retain the ROW Rights granted to it pursuant to the LSA;  (ii) [Plaintiff] shall be the sole owner of all right, title and interest in and to the Picture and shall be entitled to all revenues earned by the Picture in perpetuity and [Schism] and Guarantor shall cooperate with [Plaintiff] in all respects thereof;  and (iii) [Plaintiff] shall be entitled to deal with the Picture and any and all rights in respect thereof in its sole discretion, and to retain any and all revenues generated by the Picture in perpetuity."

20. As part of the Loan Agreements, Plaintiff entered into Lab Access and Pledgeholder Agreements with four (4) technical labs providing services and holding materials comprising the Picture (the "Lab Access & Pledgeholder Agreements").

21. Despite the Lab Access & Pledgeholder Agreements, Seven Arts and Mr. Hoffman nevertheless – without Plaintiff's knowledge or consent – removed a "high definition" master of the completed Picture (the "HD Master") from one of the labs and arranged for it to be delivered to a lab that was not party to a Lab Access & Pledgeholder Agreement with Plaintiff.  Seven Arts and Mr. Hoffman then used the HD Master to enter into licensing agreements with third parties in connection with the Picture.  Moreover, Plaintiff requires the HD Master in order to exploit its ownership rights in and to the Picture and to recover its Loans.

22. As part of the Loan Agreements, Plaintiff entered into three (3) Pay

Direction Agreements with sub-distributors of the Picture who had acquired their rights from Seven Arts. Plaintiff has received $0.00 from such sub-distributors.

23. Plaintiff subsequently discovered that Seven Arts and Mr. Hoffman had entered into an agreement with a third-party to have the HD Master converted for video on demand and electronic sell-through markets in the United States and Canada. Plaintiff was able to negotiate and execute a Pay Direction Agreement with this third-party. Plaintiff has received $0.00 from such sub-distributor.

**Schism And Its Guarantors Failed To Repay The Loans By October 31, 2013, And They Have Acknowledged That Plaintiff Owns The Picture's Rights**

24. On information and belief, Schism, Seven Arts, and Mr. Hoffman all failed to repay the Loan by October 31, 2013. Thus, on October 31, 2013, Plaintiff gained all of the rights enumerated in the Guarantee, Confirmation, and Loan Agreements, including full ownership of all copyrights in the Schism Film.

25. Seven Arts and Mr. Hoffman have acknowledged in writing on multiple occasions that the loans have not been repaid, and that legally Plaintiff is the owner of the both the copyright in the Picture and the distribution rights in the Picture. Notwithstanding such acknowledgments, Seven Arts and Mr. Hoffman continue to maintain they are entitled to continue distributing the Picture and that they are not in default with respect to repayment of the Loans.

## FIRST CAUSE OF ACTION:
## DECLARATORY JUDGMENT OF COPYRIGHT OWNERSHIP – THE SCHISM PICTURE
## [17 U.S.C. 101, *et. seq.* and 28 U.S.C. §§ 2201-02]
## (Against Schism, Seven Arts, and Peter Hoffman)

26. Plaintiff realleges and incorporates herein each of the preceding paragraphs as if fully set forth by this paragraph.

27. There is an actual controversy over ownership of copyright and distribution rights in the Picture.

1    28.    Plaintiff is the sole owner of the Picture and all rights therein.  17 U.S.C. § 201(d).

2    29.    An actual controversy of copyright authorship or ownership is within the exclusive jurisdiction of this Court.  U.S. Const. Art. 1, § 8, clause 8; 17 U.S.C. § 101; 28 U.S.C. §1338(a).

3    30.    Accordingly, pursuant to 28 U.S.C. § 2201-02, this Court may declare by judgment that:

    a. Plaintiff is the sole owner of the Picture and all rights therein;

    b. Neither Schism, nor Seven Arts, nor Mr. Hoffman has any ownership interest in the Picture, nor any rights to it; and

    c. Schism, Seven Arts, and Mr. Hoffman are enjoined and restrained from transferring, assigning, licensing or attempting to transfer or assign or license the Picture to any person, firm or entity and from marketing or attempting to market the copyright thereto, and from interfering with Plaintiff's rights thereto.

31.    Pursuant to 28 U.S.C. § 2202, this Court may grant further necessary and proper relief against Schism and Seven Arts to protect Plaintiff's rights determined by such judgment.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

1. A declaratory judgment that Plaintiff is the sole owner of the Picture and all rights therein;

2. A declaratory judgment that neither Schism, nor Seven Arts, nor Mr. Hoffman has any ownership interest in the Picture, nor any rights to it;

3. A declaratory judgment that Schism, Seven Arts, and Mr. Hoffman are enjoined and restrained from transferring, assigning, licensing or attempting to transfer or assign or license the Picture to any person, firm or entity and from marketing or attempting to market the copyright thereto, and from interfering with

1  Plaintiff's rights thereto;

2      4.    A declaratory judgment that any claim brought by Defendants against
3  Plaintiff is barred by the doctrine of unclean hands;

4      5.    That Plaintiff be awarded its reasonable attorneys' fees and costs; and

5      6.    That Plaintiff be awarded such other relief as the Court finds just and
6  proper.

8  Dated: June 25, 2014        FOX ROTHSCHILD LLP

9          By: */s/ Jeffrey S. Kravitz*

10         Jeffrey S. Kravitz
           Neal J. Gauger
11         Attorneys for Plaintiff
           PRODIGY DISTRIBUTION, INC.

## JURY DEMAND

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated: June 25, 2014

FOX ROTHSCHILD LLP

By: */s/ Jeffrey s. Kravitz*

Jeffrey S. Kravitz
Neal J. Gauger
Attorneys for Plaintiff
PRODIGY DISTRIBUTION, INC.